IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| WHITING-TURNER CONTRACTING CO. | * | |
| | * | |
| v. | * | Civil No. JFM-13-348 |
| | * | |
| WESTCHESTER FIRE INSURANCE CO. | * | |
| | * | |
| | ****** | |

**MEMORANDUM**

Plaintiff Whiting-Turner Contracting Co. brings this diversity action to collect monies allegedly owed under payment and performance bonds issued in connection with a construction project at a public university in Pennsylvania. Whiting-Turner, a general contractor, retained Ionadi Corp. to perform certain concrete work on that project and required Ionadi Corp. to obtain performance and payment bonds. Defendant Westchester Fire Insurance Co. ("Westchester"), acting as surety, issued those bonds in favor of Whiting-Turner.

Ionadi Corp. subsequently defaulted on its obligations, and after Whiting-Turner completed the concrete work with Westchester's authorization, it demanded reimbursement from Westchester pursuant to the performance and payment bonds. Westchester ultimately refused. Whiting-Turner then filed this suit against Westchester alleging breach of the performance bond, breach of the payment bond, breach of contract, and promissory estoppel. Pending before the court is Westchester's motion to dismiss for improper venue. At the court's instruction, the parties also submitted memoranda discussing whether the suit should be transferred to a Pennsylvania federal court pursuant to 28 U.S.C. § 1404. Those issues are fully briefed, and no hearing is necessary. *See* Local R. 105.6. For the reasons states below, the motion to dismiss will be denied and this court will retain jurisdiction over the case.

1

**BACKGROUND**

Whiting-Turner is a general contractor incorporated in Maryland, where it has its principal place of business. California University of Pennsylvania, a public institution in western Pennsylvania, hired Whiting-Turner in June 2009 to serve as general contractor on a project to build a new convocation center on the school's campus. In October 2009 Whiting-Turner retained Ionadi Corp. to perform the concrete work on that project. The contract between Whiting-Turner and Ionadi Corp. included a choice-of-law and forum-selection provision:

> This Subcontract shall be governed by the laws of the State of Maryland, without regard to principles of conflict of laws. Any action or suit hereunder shall be brought in the jurisdiction where [Whiting-Turner's] principal office is located without regard to principles of conflict of laws or forum non conveniens.

(ECF No. 1-1 at 9.) The first page of that contract stated that Whiting-Turner's principal office was located in Baltimore, Maryland, although it also provided a return address for Whiting-Turner in Hershey, Pennsylvania.

Whiting-Turner required Ionadi Corp. to obtain performance and payment bonds, and Westchester, acting as surety, issued those bonds in November 2009. Ionadi Corp. was the principal on the bonds, and Whiting-Turner was the named obligee. The bonds, which listed a Maryland address for Whiting-Turner, expressly incorporated by reference the contract between Whiting-Turner and Ionadi Corp. The bonds provided that, in event of default by Ionadi Corp., Westchester could either remedy the default or complete the contract. If Westchester elected not to exercise either of those options, Whiting-Turner was entitled to arrange for the completion of Ionadi Corp.'s work and bill those costs to Westchester.

In October 2011 Whiting-Turner notified Ionadi Corp. and Westchester that Ionadi Corp. had defaulted on its contractual obligations by failing to staff the project with sufficient personnel to complete its concrete work in due time. Westchester authorized Whiting-Turner to

complete Ionadi Corp.'s work on its behalf and to track the associated costs. During the ensuing months Whiting-Turner and counsel for Westchester corresponded about the amounts allegedly owed by Westchester under the bonds, and representatives of Westchester visited Whiting-Turner's Maryland offices in April and October 2012 to discuss the claims.

The parties were unable to resolve the dispute amicably, however, because Westchester concluded that Whiting-Turner had overstated Ionadi Corp.'s progress on the project in an effort to expedite payments from California University to the financially distressed Ionadi Corp. According to Westchester, it authorized Whiting-Turner to complete Ionadi Corp.'s concrete work because Westchester had been made to believe that Ionadi Corp. had nearly satisfied its contractual obligations. In fact, Westchester now claims, Ionadi Corp. had been paid for a significant amount of work that it never completed, including some of the concrete work for which Whiting-Turner sought reimbursement.

Whiting-Turner filed a praecipe for writ of summons in Pennsylvania state court in October 2012, but it did not file a complaint in that action. Whiting-Turner then filed this suit in February 2013 and moved to stay the Pennsylvania litigation. Westchester moved to dismiss this suit for improper venue, arguing that the court lacks specific personal jurisdiction over Westchester, a Pennsylvania company whose principal place of business is in Philadelphia. Westchester also argues that the forum-selection provision in Whiting-Turner's contract with Ionadi Corp. is unenforceable under Pennsylvania law.

After the motion to dismiss was fully briefed, the court asked the parties to file supplemental memoranda addressing whether the court should transfer the action to the appropriate federal court in Pennsylvania pursuant to 28 U.S.C. § 1404. The parties disagree

about the propriety of such a transfer, but they agreed that the court should first adjudicate the pending motion to dismiss for improper venue.

## ANALYSIS

### I. Motion to Dismiss

As a general matter, a civil action may be brought in either the judicial district where the defendant resides[1] or a district in which "a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(b). But § 1391 does not limit the parties' right to agree *ex ante* to litigate claims in a specific jurisdiction, even if courts in that jurisdiction would not otherwise have personal jurisdiction over the defendant and venue would not otherwise lie in that jurisdiction. *See IHFC Props., LLC v. APA Mktg., Inc.*, 850 F. Supp. 2d 604, 618 (M.D.N.C. 2012). Where a contract contains a valid and enforceable forum-selection provision that stipulates the proper venue for all claims related to that contract, the parties to a contract dispute will be deemed to have consented to venue in the contractual forum and to have waived any challenge to suit in that jurisdiction. *See Structural Pres. Sys., LLC v. Andrews*, --- F. Supp. 2d ---, 2013 WL 459784, at *3 (D. Md. Feb. 6, 2013); *see also Nat'l Equip. Rental, Ltd. v. Szukhent*, 375 U.S. 311, 315–16 (1964) ("[I]t is settled . . . that parties to a contract may agree in advance to submit to the jurisdiction of a given court . . . .").

The forum-selection clause in the subcontract between Whiting-Turner and Ionadi Corp. requires all suits under that subcontract to be brought in "the jurisdiction where [Whiting-Turner's] principal office is located." (ECF No. 1-1 at 9.) Westchester concedes, for purposes of this motion, that Whiting-Turner's principal office is in Maryland and that the subcontract

---

[1] A corporate defendant is deemed to reside in any judicial district in which the defendant is subject to the court's personal jurisdiction with respect to the civil action in question. 28 U.S.C. § 1391(c)(2).

between Ionadi Corp. and Whiting-Turner was incorporated by reference in the performance and payment bonds issued by Westchester. (Def.'s Mot. Dismiss at 3–4, ECF No. 8-1.) Westchester therefore appears to have consented to jurisdiction in this court.

Westchester nevertheless argues that venue in this jurisdiction is improper because the forum-selection provision is unenforceable under Pennsylvania law. Westchester also argues that Whiting-Turner waived its right to enforce the forum-selection clause because Whiting-Turner first filed suit in Pennsylvania state court. Those arguments are addressed in turn.

### A. Enforceability of Forum-Selection Clause

Westchester first argues that the forum-selection clause in the subcontract between Ionadi Corp. and Whiting-Turner is unenforceable under Pennsylvania law because the clause requires all suits under that subcontract to be brought in Maryland. The Pennsylvania Procurement Code, which governs construction contracts with public agencies in Pennsylvania, prohibits forum-selection provisions that require out-of-state litigation. *See* 62 Pa. Cons. Stat. § 3937. The Pennsylvania Contractor and Subcontractor Payment Act includes a similar prohibition. *See* 73 Pa. Cons. Stat. § 514.

Westchester's invocation of Pennsylvania law, however, begs the question of the proper law to be applied in determining the enforceability of the forum-selection clause. Enforcement of a forum-selection clause in a diversity action such as this is a procedural matter determined under federal rather than state law. *Albemarle Corp. v. AstraZeneca UK Ltd.*, 628 F.3d 643, 650 (4th Cir. 2010). State statutes that expressly prohibit certain forum-selection clauses ordinarily are preempted by federal laws and procedures governing venue in federal courts. *Id.* Federal law recognizes forum-selection provisions to be *prima facie* valid and requires such provisions to be enforced unless the party opposing the provision establishes that enforcement of the forum-

5

selection clause would be unreasonable. *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10 (1972). Enforcement may be found unreasonable if, *inter alia*, application of the forum-selection clause would contravene a strong public policy of the forum state. *Albemarle Corp.*, 628 F.3d at 651–52 (citing *Allen v. Lloyd's of London*, 94 F.3d 923, 928 (4th Cir. 1996)).

The court therefore must consider whether Pennsylvania's avowed disapproval of out-of-state forum-selection clauses in construction contracts is a "strong public policy of the forum state" and, if so, whether federal courts should defer to that policy. For at least three reasons, deference here would be inappropriate. First, Pennsylvania is not the forum state. Although the public policy of Pennsylvania might warrant consideration because the construction project occurred there, Whiting-Turner is a Maryland corporation and filed this action in Maryland rather than Pennsylvania. Second, deference to Pennsylvania statutes governing the enforceability of forum-selection clauses would contravene the express terms of the subcontract between Ionadi Corp. and Whiting-Turner. That contract provides: "This Subcontract shall be governed by the laws of the State of Maryland, without regard to principles of conflict of laws." (ECF No. 1-1 at 9.) That provision, like the forum-selection provision, was incorporated by reference into the performance and payment bonds, and the parties therefore agreed that Maryland rather than Pennsylvania law would govern all disputes related to those bonds. This court, sitting in diversity, must look to Maryland law to determine whether that choice-of-law provision is enforceable, *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941), and under Maryland law "it is generally accepted that the parties to a contract may agree as to the law which will govern their transaction, even as to issues going to the validity of the contract," *Nat'l Glass, Inc. v. J.C. Penney Props., Inc.*, 650 A.2d 246, 248 (Md. 1994) (internal quotation marks omitted). This court therefore must give effect to that choice-of-law provision and apply

6

Maryland rather than Pennsylvania law.  Enforcement of a Pennsylvania statute prohibiting out-of-state forum-selection clauses would flout the intent of the parties as expressed in the contract.

Third, even if Pennsylvania laws were applicable, its prohibition of out-of-state forum-selection clauses in construction contracts is not a "strong public policy" that warrants federal deference.  The Fourth Circuit addressed an analogous question in *Albemarle Corp. v. AstraZeneca UK Ltd.* and concluded that a South Carolina statute barring enforcement of forum-selection clauses did not represent a "strong public policy" of that state and should not be permitted to override the Supreme Court's embrace of such clauses in *M/S Bremen* and its progeny.  628 F.3d at 652; *see also Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 30 (1988) (citing *Burlington N.R. Co. v. Woods*, 480 U.S. 1, 7 (1987)).  That same reasoning is equally applicable here.  Pennsylvania courts routinely enforce forum-selection clauses requiring litigation in its state courts, including in cases involving construction contracts.  *See, e.g.*, *Patriot Commercial Leasing Co. v. Kremer Rest. Enters., LLC*, 915 A.2d 647, 650–51 (Pa. Super. Ct. 2006) (citing *Cent. Contracting Co. v. C.E. Youngdahl & Co.*, 209 A.2d 810 (Pa. 1965)).  Pennsylvania thus cannot be said to have a strong public policy against the enforcement of forum-selection clauses.  And insofar as Pennsylvania only bars the enforcement of forum-selection clauses that preclude venue in Pennsylvania courts, that policy reflects a "provincial attitude regarding the fairness of other tribunals"—an attitude that the Supreme Court rejected in *M/S Bremen*.  *See* 407 U.S. at 12.  Pennsylvania's prohibition of out-of-state forum-selection clauses in construction contracts therefore cannot trump the strong federal policy favoring the enforcement of those provisions.

### B. Waiver of Forum-Selection Clause

Westchester also contends that Whiting-Turner waived its right to enforce the forum-selection provision when it filed an action under the performance and payment bonds in Pennsylvania state court. This argument, too, is unavailing. There is a strong federal policy that favors enforcement of forum-selection provisions, *see Allen*, 94 F.3d at 92, and waiver of a forum-selection clause should not be found lightly. *Wachovia Bank Nat'l Ass'n v. EnCap Golf Holdings, LLC*, 690 F. Supp. 2d 311, 327 (S.D.N.Y. 2010). Indeed, waiver of the right to enforce a forum-selection clause should not be inferred absent a party's clear indication, through its actions, of its intent to do so. *Id.* A forum-selection clause therefore will not be deemed waived unless (1) the party invoking the clause has taken actions inconsistent with it or has delayed its enforcement, and (2) the other party would be prejudiced by its enforcement. *Id.*; *see also MicroStrategy, Inc. v. Lauricia*, 268 F.3d 244, 249 (4th Cir. 2001) (applying same test in context of waiver of arbitration provision);[2] *CSX Transp.. Inc. v. Blakeslee*, No. 12-713, 2013 WL 1193183, at *5 & n.7 (M.D. Fla. Mar. 22, 2013) (applying same test for waiver of forum-selection clause).

Before Whiting-Turner filed the complaint in this action it filed a praecipe for writ of summons in Pennsylvania state court. Although Westchester was served with a writ of summons, Whiting-Turner then declined to prosecute the action, opting instead to seek a stay in that court pending the disposition of the motion to dismiss for improper venue in this case. The parties unsurprisingly disagree about whether the filing of a praecipe for writ of summons,

---

[2] "[T]he Supreme Court has characterized an arbitration clause as 'a specialized kind of forum-selection clause.'" *Aggarao v. MOL Ship Mgmt. Co.*, 675 F.3d 355, 365 n.9 (4th Cir. 2012) (quoting *Scherk v. Alberto-Culver Co.*, 417 U.S. 506, 519 (1974)).

without a complaint, provides a sufficiently clear indication of Whiting-Turner's intent to waive its rights under the forum-selection clause.

The court need not reach that issue, however, because Westchester has suffered no prejudice as a result of the state-court filing. Whiting-Turner never filed a complaint in that court. There is no indication that Westchester took any action or expended any resources in reliance on the state-court action other than its effort to compel Whiting-Turner to prosecute the case. Hence, to the extent that Westchester has incurred litigation fees and expenses in connection with the Pennsylvania case, it is only because Westchester elected to oppose Whiting-Turner's request to stay those proceedings and attempted to compel Whiting-Turner to file a complaint in that action. Westchester therefore was the cause of its own prejudice.

Accordingly, the forum-selection and choice-of-law provisions in the subcontract are reasonable and will be enforced. Westchester consented to jurisdiction in this court when it issued the performance and payment bonds in favor of Whiting-Turner, and Westchester has waived its right to seek dismissal on the basis of improper venue. Whiting-Turner also did not waive its right to enforce the forum-selection clause when it filed a praecipe for writ of summons in Pennsylvania state court before filing the complaint in this action. Westchester's motion to dismiss for improper venue will be denied.

## II.    Transfer to Pennsylvania

On April 23, 2013, this court asked both parties to address whether the court should transfer the action to the appropriate district court in Pennsylvania. Although both parties agreed that the court should first resolve the pending motion to dismiss for improper venue, the parties disagreed about the propriety of transfer. Whiting-Turner encouraged the court to give effect to the forum-selection clause and further argued that, even in the absence of a contractual

9

agreement to litigate in this forum, venue would be more appropriate here.  Westchester, for its part, argues that the relevant considerations strongly favor transfer to a federal court in Pennsylvania—presumably the Western District of Pennsylvania.

The court's determination that the District of Maryland is a proper venue for this action is not dispositive of whether the case should be tried in this court.  For the convenience of the parties and witnesses, and in the interest of justice, a district court may transfer a civil action to any other district where it might have been brought.  28 U.S.C. § 1404(a).  The court considering such a transfer must balance a number of case-specific factors, including:

> (1) plaintiff's choice of forum; (2) relative ease of access to sources of proof; (3) availability of compulsory process for attendance of unwilling witnesses, and the cost of obtaining attendance of willing and unwilling witnesses; (4) opportunity to view the premises, if appropriate; (5) enforceability of a judgment, if one is obtained; (6) relative advantage and obstacles to a fair trial; (7) other practical problems that make a trial easy, expeditious, and inexpensive; (8) administrative difficulties of court congestion; (9) local interest in having localized controversies settled at home; (10) appropriateness of having a trial of a diversity case in a forum that is familiar with the state law that governs the action; and (11) avoidance of unnecessary problems with conflicts of laws.

*CoStar Realty Info, Inc. v. Meissner*, 604 F. Supp. 2d 757, 770–71 (D. Md. 2009).  The presence of a forum-selection clause, moreover, is a "significant factor" that, although not dispositive, should "figure[] centrally in the district court's calculus."  *Stewart Org.*, 487 U.S. at 29, 31.

There is no question that, absent a forum-selection clause, Whiting-Turner could have brought this case in the Western District of Pennsylvania, as the action arises under payment and performance bonds issued in connection with a construction project at the California University of Pennsylvania, which is located in that federal district.  Because the court deems both the forum-selection and choice-of-law provisions to be enforceable, however, the § 1404 considerations favor the retention of jurisdiction in this court.  Whiting-Turner chose to bring the action in this court, the parties agreed to litigate these claims in Maryland, and the dispute is

governed by Maryland law.  Neither Whiting-Turner nor Westchester has its headquarters in the Western District of Pennsylvania, so that forum would not necessarily be more convenient for either party.  The California University of Pennsylvania also is not a party to this action, and because the university apparently has already paid in full for the concrete work, it has no overriding interest in how its payments are apportioned among the parties to this litigation.

The only factor weighing in favor of transfer is the convenience of the witnesses.  The central dispute between the parties appears to be whether Whiting-Turner overstated Ionadi Corp.'s work progress in an effort to accelerate payments from the university to Ionadi Corp. Resolution of this factual dispute may require testimony from university employees who were involved with this project and persons affiliated with Ionadi Corp., which is (or was) located in western Pennsylvania.  The convenience of those potential witnesses must be given substantial weight.  That consideration alone, however, cannot outweigh the contractual choice of forum, especially where Whiting-Turner has affirmed that its witnesses reside in Maryland. Westchester has not demonstrated that a transfer "would do anything other than shift the greater burden and inconvenience of trial from defendant[] to plaintiff, which is not a proper purpose of a transfer of venue." *See Choice Hotels Int'l, Inc. v. Madison Three, Inc.*, 23 F. Supp. 2d 617, 622 (D. Md. 1998).  Accordingly, the court will not transfer the case.

## CONCLUSION

For the reasons stated above, the motion to dismiss for improper venue will be denied, and this court will retain jurisdiction over the case.  A separate order follows.

| June 20, 2013 | /s/ |
|---|---|
| Date | J. Frederick Motz |
| | United States District Judge |